### SLATER *v.* MANHATTAN RY. CO. *et al.*

#### (*Supreme Court, General Term, First Department.* March 31, 1892.)

1. ELEVATED RAILROADS—INJURY TO ABUTTERS—SPECIAL BENEFITS.

   In an action to restrain the maintenance and operation of an elevated railway in front of plaintiff's premises, the refusal of the referee to find that the presence of defendant's station, two blocks distant from plaintiff's premises, brought a large number of persons daily in the immediate neighborhood of such premises; that its proximity was advantageous to the business portion of said premises, and produced a special benefit to the same for business men,—is not a ground for reversal, unless the evidence so clearly established the facts as to make the refusal an error of law.

2. SAME—FINDINGS OF REFEREE.

   In such a case the refusal of the referee to find as a conclusion of law that, in estimating and fixing the sum which defendant might pay to escape the injunction, the special benefit resulting from the proximity of its station to the premises in suit should be set off against any consequential damage resulting to the lots and buildings, respectively, from the appropriation of or interference with the easements appurtenant thereto, is not erroneous, where it does not appear, either from the evidence or from the findings of the referee, that there were any such special benefits resulting from defendant's railroad to plaintiff's premises.

Appeal from judgment on report of referee.

Action by John Slater against the Manhattan Railway Company and another for an injunction. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *John S. Wood,* of counsel) for appellants. *Peckham & Tyler,* (*Charles A. B. Pratt, Jr.,* of counsel,) for respondent.

PER CURIAM. The only question in this case not settled by prior adjudications of this court relates to the refusal of the referee to find, as requested by the defendants, that the presence of the station brings a large number of persons daily into Sixth avenue, in the immediate neighborhood of the premises in suit, and increases the traffic in and upon said avenue at this point, and that the effect of the proximity of defendants' said station to the premises in suit is advantageous to the business portion of said premises, and produces a special benefit to the same for business uses. The station of the defendants' railroad was situated at the corner of Fiftieth street and Sixth avenue, and the premises described in the complaint were at the corner of Fifty-Second street and Sixth avenue and Forty-Eighth street and Sixth avenue, and not, therefore, in immediate proximity to the station. The evidence in the case would not justify us in saying that the fact was so clearly established as to make the refusal to find an error of law, requiring us to reverse the judgment.

NEW YORK SUPPLEMENT, vol. 18. [Sup. Ct.

And the refusal of the referee to find, as a conclusion of law, that in estimating and fixing the sum which the defendant might pay to escape the injunction, the special benefit resulting from the proximity of the defendants' station to the premises in suit should be offset against any consequential damage resulting to such lots and buildings, respectively, from the appropriation of or interference with the easements in Sixth avenue appurtenant thereto, by the maintenance and operation of defendants' railroad in front thereof, was not error, because it did not appear, either from the evidence or from the findings of the referee, that there were any such special benefits resulting from the defendants' railroad to the premises in suit, or either of them. The referee was not bound to pass upon abstract questions of law, which had no relation to the facts as proven before him and found by him. And in this connection it should be remembered that having refused to find, as a matter of fact, that no advantages accrued to the premises because of the proximity of the station, it was entirely proper that he should refuse to find what was, under such conditions of fact, simply an immaterial rule of law.

No other questions, not heretofore settled by repeated adjudications of this court, are presented, and further consideration, therefore, is not necessary.

The judgment should be affirmed, with costs. All concur.